1  **WO**

2

3

4

5

6                  **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9  Baja Developments LLC, a New York )   No. CV-09-756-PHX-LOA
   limited liability company,          )
10                                      )   **ORDER**
                  Plaintiff,            )
11                                      )
   vs.                                  )
12                                      )
   TSD Loreto Partners, S EN C. POR A. DE)
13 C.V., a Mexican entity,              )
                                        )
14                Defendant.            )
   ─────────────────────────────────── )
15

16          This matter arises  on Plaintiff's Objection to Dismissal for Lack of Service,

17 docket # 9, and the Court's review of the record.

18          Plaintiff commenced this action on April 13, 2009, docket # 1, and

19 subsequently consented to magistrate-judge jurisdiction.  (docket # 7) Noting that the 120-

20 day deadline for accomplishing service had passed, *see* Fed.R.Civ.P. 4(m), and consistent

21 with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act

22 of 1990, 28 U.S.C. §471 *et seq.*, on August 19, 2009, the Court ordered Plaintiff to show

23 cause why this case should not be dismissed for failure to serve the Summons and Complaint.

24 (docket # 8)

25          Plaintiff timely responded by filing its Objection to Dismissal for Lack of

26 Service, arguing that Rule 4(m) does not apply to service of process on Defendant in this

27 case. (docket # 9) Plaintiff's objection is well taken.  Defendant is a Mexican entity. Plaintiff

28 correctly states that Federal Rule of Civil Procedure 4(m)'s 120-day time limit for service

does not apply to foreign individuals or corporations. *See, e.g.*, *Flock v. Scripto-Tokai Corp.*, 2001 WL 3111630, at * 4-6 (S.D. Tex. June 25, 2001) ("[C]ourts have consistently recognized that the 120-day time limit does not apply to service in foreign countries of individual or corporate defendants.") (citing cases); *Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991). Federal Rule of Civil Procedure 4(m) states that "this subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Plaintiff's counsel represents they in the process of serving Defendant in Mexico pursuant to 4(f).[1] (docket # 9)

Although Rule 4(m)'s time limit does not apply to service in a foreign country, Plaintiff has not cited, nor has the Court found, any authority stating that a district court is precluded from setting a reasonable time limit for service in a foreign country to properly manage a civil case. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (holding that exemption from 120-day time limit for service of process in foreign countries provided by Rule 4(m)'s predecessor (Rule 4(j)) did not apply where the plaintiff had not even attempted to serve the foreign defendants); *Mitchell v. Theriault*, 516 F.Supp.2d 450, 458 (M.D.Pa. 2007) (concluding that, "[a]lthough the time limit of Federal Rule of Civil Procedure 4(m) is expressly made not to apply to service in a foreign country pursuant to subdivisions (f) of (j)(1), the Court will impose a limit of one hundred and twenty (120) days from the date of this order for Plaintiffs to effect proper service on Defendant. . . .").

In *Umbenhauer v. Woog*, 969 F.2d 25 (3d Cir. 1992), the Third Circuit noted that "Rule 4[m] expressly states that it 'shall not apply to service in a foreign country' . . . Rule 4[m]'s drafters apparently incorporated this exemption into Rule 4[m] because . . . 'the vagaries of such service [on foreign defendants] render the Rule 4[m] time limit too

---

[1] Subdivision (f) of Rule 4 specifies the method of service of individuals in foreign countries, while subdivision (j)(1) specifies the manner of service upon foreign states or political subdivisions, agencies, or instrumentalities. Fed.R.Civ.P. 4(f), (j)(1). Subdivision (h)(2) provides that, when serving a foreign corporation, partnership, or association "at a place not within any judicial district of the United States," a litigant shall follow Rule 4(f). Fed.R.Civ.P. 4(h).

burdensome on a plaintiff.'" *Id.* at 31 (quoting *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877 (3d Cir. 1987)). The Third Circuit held that dismissal of a complaint for improper service of process was an abuse of the district court's discretion when service was "eminently feasible." *Id.*

This case has been on file since April 13, 2009. Plaintiff has offered to provide specifics of its service attempts. (docket # 9) Although the Court will not, at this juncture, require Plaintiff to file a report detailing its service attempts, the Court will impose a reasonable time limit for accomplishing service of process on Defendant. Specifically, the Court will direct Plaintiff to accomplish service on or before November 27, 2009. If Plaintiff is unable to accomplish service by the November 27, 2009 deadline, it shall file a Status Report, detailing its efforts to serve Defendant and showing whether service is "eminently feasible." At that time, the Court may revisit whether dismissal is appropriate for failure to serve.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff has discharged its duty to respond to the August 19, 2009 Order to Show Cause. (docket # 8)

**IT IS FURTHER ORDERED** that Plaintiff shall either serve Defendant on or before **November 27, 2009**, or shall file a Status Report, detailing its due-diligent efforts to serve Defendant and showing whether service is "eminently feasible."

Dated this 27th of August, 2009.

Lawrence O. Anderson
United States Magistrate Judge